# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

JOHN STANCU,                                §
                                            §
            Plaintiff,                       §
                                            §
V.                                          §        No. 3:17-cv-675-L-BN
                                            §
HYATT CORPORATION/HYATT                     §
REGENCY, DALLAS,                            §
                                            §
            Defendant.                       §

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR PROTECTIVE ORDER

This single-party *pro se* action alleging claims of employment discrimination has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 9.

Plaintiff John Stancu has issued a subpoena to Nonparty Equal Employment Opportunity Commission requesting that the EEOC produce "all the complaints filed with the Dallas EEOC against Hyatt Corporation and Hyatt Regency Dallas from January 2000, to May 2017." Dkt. No. 18 at 3. Defendant Hyatt Corporation moves for a protective order ("MPO") "quashing the EEOC Subpoena entirely, except as to any charges of discrimination that Plaintiff himself may have filed against Defendant." Dkt. No. 17 at 1. Stancu has filed a response in opposition. *See* Dkt. No. 27. And Hyatt has filed a reply brief. *See* Dkt. No. 28.

The Court GRANTS the MPO and enters this order, under Federal Rule of Civil Procedure 26(c)(1)(A), forbidding the disclosure to Stancu of information in the EEOC's files of other charging parties who have brought claims against Hyatt.

## Legal Standards

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena commanding a nonparty "to whom it is directed to ... produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii). And "a party has standing to move for a protective order [under Federal Rule of Civil Procedure] 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena." *Bounds v. Capital Area Family Violence Intervention Ctr.*, 314 F.R.D. 214, 218 (M.D. La. 2016) (collected cases omitted); *accord Garcia v. Prof'l Contract Servs., Inc.*, No. A-15-CV-585-LY, 2017 WL 187577, *1 (W.D. Tex. Jan. 17, 2017); *cf. Total Rx Care, LLC v. Great N. Ins. Co.*, 318 F.R.D. 587, 594 (N.D. Tex. 2017) ("A party, although not in possession or control of the materials sought in a subpoena and not the person to whom the subpoena is directed, has standing to file a motion to quash or modify under Federal Rule of Civil Procedure 45(d)(3) if it has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it." (citing *Ass'n of Am. Physicians & Surgs., Inc. v. Tex. Med. Bd.*, No. 5:07CV191, 2008 WL 2944671, at *1 (E.D. Tex. July 25, 2008))).

As amended effective December 1, 2015, Federal Rule of Civil Procedure 26(c)(1)

authorizes protective orders, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." FED. R. CIV. P. 26(c)(1).

"[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted). A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). And the United States Court of Appeals for the Fifth Circuit recently explained that "[t]he federal courts have superimposed a somewhat demanding balancing of

interests approach to the Rule. Under the balancing standard, the district judge must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party. Courts also weigh relevant public interests in this analysis." *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (footnotes and internal quotation marks omitted); *see also id.* at 564 ("Rule 26(d) gives [the] court wide discretion to craft flexible and nuanced terms of discovery." (footnote omitted)).

The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

## Analysis

Here, the relevant public interests require the Court to grant Hyatt's MPO. As the Supreme Court of the United States has held,

> though Congress allowed disclosure of investigative information in a charging party's file to that party himself, nothing in [Title VII] or its legislative history reveals any intent to allow the [EEOC] to reveal to that charging party information in the files of other charging parties who have brought claims against the same employer.... [T]he charging party cannot logically be a member of the "public" to whom disclosure is forbidden by § 706(b) of Title VII, and, by extension, cannot be a member of the public under § 709(e). The reason, however, is that the charging party is obviously aware of the charge he has filed, and so cannot belong to the public to which Congress referred when it directed that "charges shall not be made public." 42 U.S.C. § 2000e-5(b).
>
> But there is no reason why the charging party should know the content of any other employee's charge, and he must be considered a member of

the public with respect to charges filed by other people. With respect to all files other than his own, he is a stranger.

*EEOC v. Associated Dry Goods*, 449 U.S. 590, 603 (1981) (citation, footnote, and original brackets omitted); *see Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 880 (5th Cir. Unit A Mar. 1981) ("That the non-disclosure provisions of [Title VII] were not intended to apply to the immediate parties does not imply that they were also not intended to apply to any Title VII litigant. Phillips' posture vis-a-vis other employers against whom Branch has brought charges is not substantially different from that of any other member of the public. Disclosure to Phillips of the details of Branch's charges against his prior employers by the Commission well might undermine the purpose of section 706(b) if potential parties feared that their filings could be the subject of discovery."); *EEOC v. Philip Servs. Corp.*, 635 F.3d 164, 167 (5th Cir. 2011) (noting that Section 2000e-5(b)'s provision prohibiting disclosure of filed charges is directly supported by the legislative history, which "indicates Congress's intent that unproven, uninvestigated charges not be made known to the general public" (citations omitted)); *see also EEOC v. Alliance Residential Co.*, 866 F. Supp. 2d 636, 645-46 (W.D. Tex. 2011) (in the context of an administrative subpoena issued by the EEOC, noting that "[t]he Supreme Court and lower courts have rejected confidentiality arguments as a defense to an administrative subpoena," but "acknowledg[ing] the sensitivity of some of the information requested by the EEOC, specifically the medical information and social security numbers of former employees" and holding that, "[t]o that end, ... the charging party, Ms. Laurel, is entitled to 'see information in no file other than ... her

own'" (quoting *Associated Dry Goods Corp.*, 449 U.S. at 604)); *cf. Broderick v. Shad*, 117 F.R.D. 306, 312 (D.D.C. 1987) ("In response to requests ## 5, 6, 7, 8 and 9 regarding sexual harassment at the WRO, defendant has withheld one EEO complaint of a WRO employee other than Broderick. Title VII prohibits the disclosure of this complaint. We therefore deny plaintiff's motion to compel production of this document." (citations omitted)).

## Conclusion

The Court GRANTS the motion for protective order [Dkt. No. 18] and enters this order, under Federal Rule of Civil Procedure 26(c)(1)(A), forbidding the disclosure to Plaintiff John Stancu of information in the EEOC's files of other charging parties who have brought claims against Hyatt.

SO ORDERED.

DATED: July 13, 2017

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE