IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN STANCU, | § | |
| Plaintiff, | § § § | |
| V. | § § | No. 3:17-cv-675-L-BN |
| HYATT CORPORATION/HYATT REGENCY, DALLAS, | § § § § | (<u>Consolidated with</u>: No. 3:17-cv-2918-L) |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER DENYING
<u>PLAINTIFF'S MOTION TO COMPEL</u>**

This single-party *pro se* action alleging claims of employment discrimination has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 9.

Plaintiff John Stancu again moves to compel Defendant Hyatt Corporation's responses to certain of his requests to produce documents under Federal Rule of Civil Procedure 34 (the "Second MTC"). *See* Dkt. Nos. 70, 71, 75, 76, & 77. Hyatt filed a response to the Second MTC. *See* Dkt. No. 79. But Stancu failed to file a reply brief.

The Court DENIES the Second MTC for the reasons explained below.

**Applicable Background**

The Second MTC appears related to at least three separate sets of Rule 34(a) requests served on Hyatt. But the separate sets of requests are duplicative in large

-1-

part. And the Second MTC is similar to – if not substantively the same as – a motion to compel that the Court ordered stricken and unfiled on December 28, 2017 for failure to comply with the April 7, 2017 Standing Order on Non-Dispositive Motions [Dkt. No. 10] (the "Standing Order"). *See* Dkt. Nos. 67, 68, & 69.

The Second MTC, however, includes a purported joint status report ("JSR") in the form of an excerpt from an email that Stancu received from Hyatt's counsel in which Hyatt stated that, because Stancu did "not indicate what specifically [he is] seeking, nor why [he] believe[s] it is discoverable," Hyatt "intends to stand on its objections and responses" and requested that Stancu include in the JSR "Hyatt's prior discovery responses." Dkt. No. 70 at 4. Stancu only includes Hyatt's objections and responses to his fourth set of Rule 34(a) requests in the appendix filed with the Second MTC. *See* Dkt. No. 71 at 63-68.

The JSR included in the Second MTC therefore failed to comply with the Standing Order because, at a minimum, Stancu did not provide the Court with Hyatt's objections and responses to all of Stancu's Rule 34(a) requests. As such, the JSR did not "enable the Court to determine each party's respective positions regarding the subject matter of [this] dispute in a single written submission." Dkt. No. 10, ¶ 3 ("To this end, the parties should present in the body of the report all arguments and authorities on which each party relies. The parties must submit any supporting evidence and affidavits in a separate appendix. The arguments, authorities, and evidence on which a party relies must be provided to the opposing party before the

parties finalize and sign the joint status report.").

Moreover, a proper motion to compel under Federal Rule of Civil Procedure 37(a)

> also "'must attach a copy of the discovery requests at issue (such as Rule 34 requests for production or inspection, Rule 33 interrogatories, a transcript of deposition testimony, deposition notice, or subpoena) and of the resisting party's responses and objections to those requests; must specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining ... how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request; and must include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute.'"

*Seastrunk v. Entegris, Inc.*, No. 3:16-cv-2795-L, 2017 WL 6406627, at *8 (N.D. Tex. Dec. 15, 2017) (quoting *Samsung Elecs. Am. Inc. v. Chung*, ___ F.R.D. ___, No. 3:15-cv-4108-D, 2017 WL 896897, at *13 (N.D. Tex. Mar. 7, 2017) (quoting, in turn, *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-cv-4682-D, 2016 WL 1392332, at *7 (N.D. Tex. Apr. 8, 2016) (citing, in turn, FED. R. CIV. P. 7(b)(1); FED. R. CIV. P. 37(a); N.D. TEX. L. CIV. R. 5.2(3); N.D. TEX. L. CIV. R. 7.1))).

The Second MTC as filed initially therefore failed to comply not only with the Standing Order but also with Rule 37(a).

Rather than deny the Second MTC for these reasons – or order that it too be stricken and unfiled – the Court instead ordered Stancu to supplement the motion by January 24, 2018. *See* Dkt. No. 72. He did so. *See* Dkt. Nos. 75, 76 & 77. And the Court entered an order on January 25, 2018 requiring a response and allowing leave to file a reply brief. *See* Dkt. No. 78.

**Legal Standards**

The Federal Rules of Civil Procedure control the scope of a proper discovery request in the form of requests for production or inspection, interrogatories, and requests for admission. As the Court has explained, the party seeking discovery is required to comply with Federal Rule of Civil Procedure 26(b)(1)'s proportionality limits on discovery requests; is subject to Federal Rule of Civil Procedure 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Federal Rule of Civil Procedure 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller v. City of Dallas*, 303 F.R.D. 466, 475-77, 493-95 (N.D. Tex. 2014).

Rule 26(b)(1) provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in this action, the amount

in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1); *accord Booth v. City of Dallas*, 312 F.R.D. 427, 433 (N.D. Tex. 2015).

Rule 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides, as applicable here, that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Rule 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iv); *accord Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009) ("A party may move to compel production of materials that are within the scope of discovery and have been requested but not received. FED. R. CIV. P. 37(a). Yet, a court may decline to compel, and, at its option or on motion, 'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden ..., including ... forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.' FED. R. CIV. P. 26(c)(1)(D); *see also* FED. R. CIV. P. 37(a)(5)(B)."). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

In response to a Rule 34(a) request, "[f]or each item or category, the response

must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). General or boilerplate objections are invalid, and "[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. Amended Federal Rule of Civil Procedure 34(b)(2) effectively codifies this requirement, at least in part: 'An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.'" *OrchestrateHR, Inc. v. Trombetta*, 178 F. Supp. 3d. 476, 507 (N.D. Tex. 2016) (citing *Heller*, 303 F.R.D. at 483; quoting FED. R. CIV. P. 34(b)(2)(C)), *objections overruled*, No. 3:13-cv-2110-KS, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

In sum, "[a] party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld." *Heller*, 303 F.R.D. at 485.

Once responses, answers, and objections have been served subject to Rule 26(g), the party who has objected to a discovery request then must, in response to a Rule 37(a) motion to compel, urge and argue in support of its objection to an interrogatory

or request, and, if it does not, it waives the objection. *See OrchestrateHR*, 178 F. Supp. 3d at 507 (citing *Dolquist v. Heartland Presbytery*, 221 F.R.D. 564, 568 (D. Kan. 2004); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999)).

For the reasons that the Court has previously explained, the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery. *See Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 463-69 (N.D. Tex. 2015). As the Court has more recently explained,

> under Fifth Circuit law, the party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. That is true on a Rule 37(a) motion to compel no less than on a 26(c) motion for a protective order.
> ....
> Rule 26(g)(1) does not impose on a party filing a motion to compel the burden to show relevance and proportionality in the first instance.
> ....
> [And] Rule 26(b)(1) "'does not place on the party seeking discovery the burden of addressing all proportionality considerations.'" *Carr*, 312 F.R.D. at 467 (quoting FED. R. CIV. P. 26, 2015 comm. note). While it is a good practice for a movant to explain the relevance and proportionality of its discovery requests, and while a failure to appropriately address Rule 26(b)(1) proportionality factors may be determinative in a proportionality analysis and result in the motion to compel being denied on its merits, *see id.* at 463-69, "'[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes," *id.* at 467 (quoting FED. R. CIV. P. 26, 2015 comm. note).

*Samsung*, 2017 WL 896897, at *13 (citations omitted); *accord Charalambopoulos v. Grammar*, No. 3:14-cv-2424-D, 2017 WL 1094394, at *4 n.5 (N.D. Tex. Mar. 8, 2017).

Thus, a party seeking to resist discovery on Rule 26(b)(1) and Rule

26(b)(2)(C)(iii) grounds still bears the burden of making a specific objection and showing that any discovery request that is relevant to any party's claim or defense fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Accord First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, No. CV 15-638, 2017 WL 2267149, at *1 (E.D. La. May 24, 2017) ("In this instance, defendant has offered nothing more than a boilerplate proportionality objection, without providing any information concerning burden or expense that the court would expect to be within defendant's own knowledge.").

The party seeking discovery, to prevail on a motion to compel, may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing.

And, as more fully explained above, the party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is subject to Federal Rule of Civil Procedure 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B)

with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller*, 303 F.R.D. at 475-77, 493-95.

But the amendments to Rule 26(b) do not alter the basic allocation of the burden on the party resisting discovery to – in order to successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or fails the required proportionality calculation or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

**Analysis**

The Court agrees with Hyatt's assessment that, through the Second MTC, Stancu is moving to compel responses to the twenty Rule 34(a) requests set out at Dkt. No. 75 at 2-6. Even accepting that Stancu's conclusory justifications for these requests, *see id.*, carry his burdens under Rules 26(b)(1) and 26(g)(1), Hyatt's discovery responses

and objections and its response to the motion to compel, *see* Dkt. No. 79 at 4-15, specifically show – to the extent the requested documents were not produced to Stancu (most were) – that Stancu's Rule 34(a) requests (or, in some cases, the portions of those requests objected to) either are not relevant, are not proportional, or are otherwise objectionable.

Generally speaking, Hyatt's responses and objections to those requests fall into five broad categories: (1) requests to which responsive documents were produced without objection; (2) requests to which no responsive documents exist; (3) requests to which Hyatt specifically objected to the scope of the request but produced documents subject to that objection; (4) requests that are not proportional; and (5) requests aimed at establishing a "pattern and practice of discrimination and retaliation." Hyatt's response to the motion to compel as to the first four categories is unobjectionable.

As to the fifth category – concerning the three Rule 34(a) requests Stancu claims are relevant because they are aimed at establishing a "pattern and practice" (Request Nos. 10, 19, and 22) – Hyatt is generally correct that the United States Court of Appeals for the Fifth Circuit has held that the "pattern-or-practice method of proof [is] not available in private, non-class action lawsuits." *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003) (characterizing the holding of *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355-56 (5th Cir. 2001), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)).

> However, the Fifth Circuit in *Celestine* was determining whether pattern or practice evidence was appropriate as an "independent method of proof"

> when the district court was deciding a motion for summary judgment. [*Celestine*, 266 F.3d] at 356. Summary judgment is not before this Court. The question here, in this motion to compel discovery, is whether evidence of pattern or practice is discoverable.

*Piatt v. City of Austin*, No. 1:07-CV-520 LY, 2008 WL 11334173, at *3 (W.D. Tex. Sept. 29, 2008) (emphasis omitted).

Therefore, some Rule 34(a) requests in a non-class action lawsuit aimed at the pattern-or-practice method of proof may satisfy Rules 26(b) and 26(g). *See, e.g., Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) ("Discoverable information is not limited to admissible evidence.") (cited in *Piatt*). But, as now-United States District Judge Robert L. Pittman "admonished" the individual plaintiff in *Piatt,* "given the extraordinarily limited relevance of pattern or practice information, ... discovery requests must be very carefully and narrowly crafted" – particularly "in terms of time and scope" – and "discovery regarding [a d]efendant's alleged pattern or practice of discrimination may proceed [ ] only to the extent that it is relevant and reasonably calculated to lead to evidence that proves [the p]laintiff's individual disparate treatment claim." *Piatt*, 2008 WL 11334173, at *3 (citing *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006)).

Here, Stancu's pattern-or-practice requests are neither narrowly crafted nor reasonably calculated to obtain evidence to prove his claim. *See* Dkt. No. 75 at 4-5 ("Request 10: Produce copies of all complains or petitions in any actions filed against you in which the allegations are of discrimination of any kind, including complaints and charges of discriminations and retaliations filed with EEOC"; "Request 19: Produce

a copy of any complain[t] or petition from any person alleging discrimination on the basis of race, color, religion, sex, national origin, or age, against Defendant within the five-year period before the events giving rise to this suit"; "Request 22: Produce all materials showing the transfer of shift engineer Anastacia Gaytan from Engineering Department to Employees Cafeteria department."). These requests are therefore not relevant and not proportional.

In sum, considering the parties' relevant burdens, Hyatt has successfully resisted the Second MTC. And that motion, in its entirety, is denied.

**Award of Expenses**

Federal Rule of Civil Procedure 37(a)(5)(B) provides in pertinent part that, "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(B); *accord De Angelis v. City of El Paso*, 265 F. App'x 390, 398 (5th Cir. 2008).

The Court will grant Plaintiff John Stancu until **March 7, 2018** to file a response explaining why the Court should not enter an order requiring him to pay Defendant Hyatt Corporation, as required by Rule 37(a)(5)(B), the expenses, including attorneys' fees, that Hyatt incurred in drafting and filing its Response to Plaintiff's

Motion to Compel [Dkt. No. 79].

Hyatt may file a reply in support of an award of expenses under Rule 37(a)(5)(B) by **March 21, 2018**.

SO ORDERED.

DATED: February 14, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE