IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN STANCU, | § | |
| Plaintiff, | § § § | |
| V. | § § | No. 3:17-cv-675-S-BN |
| HYATT CORPORATION/HYATT REGENCY, DALLAS, | § § § § | (<u>Consolidated with</u>: No. 3:17-cv-2918-L) |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

This action filed by a plaintiff proceeding *pro se* raising claims of employment discrimination has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. Nos. 9 & 86.

Defendant Hyatt Corporation has filed a fee application, *see* Dkt. Nos. 96 & 97, pursuant to the March 22, 2018 Order Regarding Rule 37(a)(5)(B) Reasonable Expenses, *see* Dkt. No. 91. Plaintiff John Stancu has filed a response opposing the application. *See* Dkt. No. 98. And Hyatt has filed a reply brief. *See* Dkt. No. 101.

For the reasons explained below, the Court GRANTS Hyatt's application.

### **Applicable Background**

On February 14, 2018, the Court denied Plaintiff John Stancu's motion to compel Defendant Hyatt Corporation's responses to certain of his requests to produce documents under Federal Rule of Civil Procedure 34 [Dkt. No. 81] (the "Second MTC").

That order noted that Federal Rule of Civil Procedure 37(a)(5)(B) provides in pertinent part that, "[i]f the motion [to compel] is denied, the court may issue any

protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(B); *accord De Angelis v. City of El Paso*, 265 F. App'x 390, 398 (5th Cir. 2008).

The Court therefore granted Stancu until March 7, 2018 to file a response explaining why the Court should not enter an order requiring him to pay Hyatt, as required by Rule 37(a)(5)(B), the expenses, including attorneys' fees, that Hyatt incurred in drafting and filing its Response to Plaintiff's Motion to Compel [Dkt. No. 79]. No response was filed. Hyatt did, however, file a timely reply in support of an award of expenses under Rule 37(a)(5)(B), *see* Dkt. No. 90.

After Hyatt filed its reply on March 21, 2018 and the Court entered the March 22, 2018 fee order, Mr. Stancu filed Federal Rule of Civil Procedure 72(a) objections to the order denying the Second MTC [Dkt. No. 81] and the related fee order [Dkt. No. 91]. *See* Dkt. Nos. 92 & 93.

United States District Judge Karen Gren Scholer overruled his objections and affirmed both orders. *See* Dkt. No. 94.

**Legal Standards and Analysis**

I.  <u>Substantially Justified or Unjust</u>

While Stancu did not file a response to the March 7, 2018 order, he claims in his

May 7, 2018 response that he never received the March 2018 order and thus "was never informed by the Court that the magistrate judge sanctioned" him. Dkt. No. 98 at 3. While the March 2018 order did not sanction him, because Mr. Stancu is proceeding *pro se*, the Court will consider the arguments he sets out in his May 2018 response to determine whether the Second MTC was substantially justified or there are other circumstances that make an award of expenses to Hyatt unjust.

Mr. Stancu first asserts that he purposefully limited the number of discovery requests "to minimize costs for everybody, including the court. ... Yet, in spite of this very limited discovery, [Hyatt] never answered completely nor truthfully to none of [his] discovery requests." *Id.* at 1; *see id.* at 2 ("In conclusion, plaintiff's motion to compel was caused by defendant's noncompliance with basic discovery rules, not by some fabricated 'bad faith' intentions on plaintiff's part. The party sanctioned here should be defendant, for vexatiously refusing to answer to basic discovery requests, not a prose plaintiff standing up for his civil rights. Sanctioning plaintiff is simply a travesty of justice."). Mr. Stancu then accuses the Court of bias. *See id.* at 2.

Contrary to Mr. Stancu's assertion, Hyatt complied with the discovery rules applicable to the Rule 34(a) requests he made. As recounted in the order denying the Second MTC,

> [t]he Court agrees with Hyatt's assessment that, through the Second MTC, Stancu is moving to compel responses to the twenty Rule 34(a) requests set out at Dkt. No. 75 at 2-6. Even accepting that Stancu's conclusory justifications for these requests, *see id.*, carry his burdens under Rules 26(b)(1) and 26(g)(1), Hyatt's discovery responses and objections and its response to the motion to compel, *see* Dkt. No. 79 at 4-15, specifically show – to the extent the requested documents were not

produced to Stancu (most were) – that Stancu's Rule 34(a) requests (or, in some cases, the portions of those requests objected to) either are not relevant, are not proportional, or are otherwise objectionable.

Generally speaking, Hyatt's responses and objections to those requests fall into five broad categories: (1) requests to which responsive documents were produced without objection; (2) requests to which no responsive documents exist; (3) requests to which Hyatt specifically objected to the scope of the request but produced documents subject to that objection; (4) requests that are not proportional; and (5) requests aimed at establishing a "pattern and practice of discrimination and retaliation." Hyatt's response to the motion to compel as to the first four categories is unobjectionable.

As to the fifth category – concerning the three Rule 34(a) requests Stancu claims are relevant because they are aimed at establishing a "pattern and practice" (Request Nos. 10, 19, and 22) – Hyatt is generally correct that the United States Court of Appeals for the Fifth Circuit has held that the "pattern-or-practice method of proof [is] not available in private, non-class action lawsuits." *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003) (characterizing the holding of *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355-56 (5th Cir. 2001), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)).

*Stancu v. Hyatt Corp./Hyatt Regency Dallas*, Nos. 3:17-cv-675-L-BN & 3:17-cv-2918-L-BN, 2008 WL 888909, at *5 (N.D. Tex. Feb. 14, 2018) (concluding that, while "some Rule 34(a) requests in a non-class action lawsuit aimed at the pattern-or-practice method of proof may satisfy Rules 26(b) and 26(g)," Mr. Stancu's "pattern-or-practice requests are neither narrowly crafted nor reasonably calculated to obtain evidence to prove his claim" (citation omitted)).

The Court cannot therefore find that Mr. Stancu has shown (1) that filing the Second MTC was substantially justified – that is, "there is a 'genuine dispute'" as to the appropriateness of the Second MTC or that "reasonable people could differ as to" the need to move to compel when faced with Mr. Stancu's requests and Hyatt's responses, *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks

omitted) – or (2) that it otherwise would be unjust to award expenses.

II.  Fee Amount

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Fender v. Zapata Partnership, Ltd.*, 12 F.3d 480, 487 (5th Cir. 1994)); *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

The party seeking reimbursement of attorneys' fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id*. The hours remaining are those reasonably expended. *See id*. There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552

(2010); *Saizan*, 448 F.3d at 800.

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457. Further, the lodestar amount may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar, *see Saizan*, 448 F.3d at 800, and the lodestar calculation may take into account several *Johnson* factors, *see Black v. SettlePou, P.C.*, 732 F.3d 492, 503 n.8 (5th Cir. 2013).

Additionally, a party seeking attorneys' fees after successfully opposing a

discovery motion may only recover for the time spent in preparing and prosecuting its response to the discovery motion that was denied – that is, the "reasonable expenses incurred in opposing the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(B). This includes time spent on additional briefing and any oral argument or hearing and can include "'fees on fees' for the time expended in filing a motion for attorneys' fees." *Wysocki v. Dourian*, No. 2:17-cv-333-JAD-NJK, 2017 WL 4767145, at *2 (D. Nev. Oct. 20, 2017); *accord Schneider v. CitiMortgage, Inc.*, No. 13-4094-SAC, 2018 WL 3068172, at *3 (D. Kan. June 21, 2018).

The Court recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, may have been called into question. *See Perdue*, 559 U.S. at 552-53; *S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988-M-BH, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013). But, the United States Court of Appeals for the Fifth Circuit, without comment or reference to the United States Supreme Court's decision in *Perdue*, has continued to utilize the approach laid out by this Court. *See Black*, 732 F.3d at 502-03; *but see In re Pilgrim's Pride Corp.*, 690 F.3d 650, 663-64 (5th Cir. 2012) (analyzing whether any changes brought about by *Perdue* apply to bankruptcy attorneys' fees calculations); *but see also In re ASARCO, L.L.C.*, 751 F.3d 291, 296 (5th Cir. 2014) (following *Pilgrim's Pride*).

And, even more recently, the Fifth Circuit has rejected the argument "that *Perdue* clearly disfavors applying the *Johnson* factors to determine a fee award and instead requires the use of only the lodestar." *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 393 (5th Cir. 2016). The Court of Appeals explained that

> [w]e agree that *Perdue* requires courts to first calculate the lodestar; indeed, this has long been our practice. *See, e.g., League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Ind. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) ("The method by which the district court calculates an attorneys' fees award is well established. The district court first calculates the 'lodestar.'"). But *Perdue* does not, as Combs contends, make it impermissible to then consider any relevant *Johnson* factors. *Perdue* cautions against the sole use of the *Johnson* factors to calculate a reasonable attorney's fee but nowhere calls into question the use of relevant *Johnson* factors to make this determination. Indeed, *Perdue* expressly allows adjustments "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." 559 U.S. at 554, 130 S. Ct. 1662.
> ....
> And though the lodestar is presumed reasonable, it may be adjusted where it "does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554, 130 S. Ct. 1662. .... *Perdue*, consistent with the Court's frequent pronouncements, explains that lodestar enhancements are to be rare. ....
>     In sum, the district court should begin by calculating the lodestar: the reasonable hours expended multiplied by a reasonable rate. The district court may then determine whether any other considerations counsel in favor of enhancing or decreasing the lodestar. In light of the "strong presumption" that the lodestar represents a sufficient fee, enhancements must necessarily be rare. *Perdue*, 559 U.S. at 553-54, 130 S. Ct. 1662.

*Id.* at 393-95.

*Perdue*, then, did not change the landscape of calculating attorneys' fees awards in the Fifth Circuit. Accordingly, the analysis below will take into account the necessary factors when determining the appropriate amount of attorneys' fees to be awarded under Rule 37(a)(5).

Hyatt's application requests an order requiring Mr. Stancu to pay its fees in the amount of $3,535.30 as sanctions under Rule 37(a)(5) on its opposing the Second MTC. *See* Dkt. No. 96 at 1.

The application is supported by the Declaration of John Jansonius, which incorporates his firm's records. *See* Dkt. No. 97. Mr. Jansonius declares that he is a partner in the labor and employment section of Jackson Walker LLP, is board certified in labor and employment law by the Texas Board of Legal Specialization, and has been licensed to practice law since 1980.

He declares that, to oppose the Second MTC, Hyatt incurred attorneys' fees in the amount of $3,535.30 – for 0.7 hours of work performed by Mr. Jansonius (at a rate of $565 per hour); 9.4 hours of work performed by Davis Schlottman, an associate at Jackson Walker (at a rate of $265 per hour); and 4.7 hours of work performed by Terri Salter, a paralegal at Jackson Walker (at a rate of $144 per hour).

While Mr. Jansonius's billing rate in this case was $565 per hour, Hyatt points out in the fee application that he "billed very little time in responding to [the Second MTC]" and that, "[t]aking into account Mr. Schlottman's time and rate, the blended hourly rate for attorney time in responding to [the Second MTC] is approximately $288.53 per hour." Dkt. No. 96 at 4. Mr. Jasonius further declares that, "[b]ased on my knowledge of the legal market in the Dallas area, the hourly rates of myself, Mr. Schlottman, and Ms. Salter in responding to [the Second MTC] are reasonable, usual, and customary for attorneys of similar experience at firms of similar size and caliber to that of Hyatt's counsel." Dkt. No. 97-1. ¶ 8.

The billing records Mr. Jasonius submitted reflect the work that the attorneys and the paralegal performed, and those records include a narrative description of the work done and the number of hours that it took to complete the work. *See id.* at 3-4.

The Court has carefully reviewed these records and finds that the 14.8 total hours that Hyatt attributes to corresponding and reviewing files to prepare for and then briefing, editing, and filing the response to the Second MTC are reasonable and necessary and not excessive, duplicative, or inadequately documented and were therefore reasonably expended for the tasks for which the Court has determined that Hyatt should be awarded its attorneys' fees.

The Court further finds that the hourly rates are reasonable and within the market rate for attorneys and legal staff handling this type of litigation in the Dallas area – particularly considering that the attorney work was predominantly performed by the junior attorney defending the case.

The Court therefore finds the appropriate lodestar here to be calculated as 0.7 hours at $565 an hour plus 9.4 hours at $265 an hour plus 4.7 hours at $144 an hour, for a total of $3,535.30. While the Court has considered the *Johnson* factors, the lodestar is presumed to be reasonable, which means it should only be modified in exceptional cases. Hyatt does not seek an enhancement of his attorneys' fees. And the Court determines that no enhancement is warranted under the circumstances and that there are no other exceptional circumstances.

**Conclusion**

The Court GRANTS Defendant Hyatt Corporation's fee application [Dkt. Nos. 96 & 97] and ORDERS Plaintiff Johns Stancu to pay Hyatt its reasonable attorneys' fees incurred in opposing his motion to compel Hyatt's responses to certain of his requests to produce documents under Federal Rule of Civil Procedure 34 [Dkt. Nos. 70,

71, 75, 76, & 77] in the amount of $3,535.30.

SO ORDERED.

DATED: October 18, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE